**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

**IN RE:**

| | | |
|---|---|---|
| Mary J. Farrier | : | Case No. 17-12858 |
| Debtor | : | Chapter 7 |
| | | |
| Daniel M. McDermott | : | **HON. BETH A. BUCHANAN** |
| United States Trustee | : | U.S. BANKRUPTCY JUDGE |
| 36 East Seventh Street | : | |
| Suite 2030 | : | |
| Cincinnati, Ohio 45202 | : | |
| Plaintiff | : | |
| vs. | : | |
| Mary J. Farrier | : | |
| PO Box 19361 | : | |
| Cincinnati, Ohio 45219 | : | |
| Defendant | : | |

**COMPLAINT TO DENY DISCHARGE**

Plaintiff, Daniel M. McDermott, United States Trustee for Region 9, brings this action under 11 U.S.C. §§ 727(a)(2) and 727(a)(6) for denial of the discharge of Mary J. Farrier ("**Defendant**" or "**Debtor**"). In support of this Complaint, the United States Trustee states as follows:

**PARTIES**

1. Plaintiff, Daniel M. McDermott, is the United States Trustee for Region 9, which includes the judicial district of Ohio, and is appointed pursuant to 28 U.S.C. § 581 ("**Plaintiff**").

The United States Trustee has standing to bring this proceeding pursuant to 11 U.S.C. §§ 307 & 727(c). Plaintiff maintains a place of business at U.S. Department of Justice, 36 East Seventh Street, Suite 2030, Cincinnati, Ohio 45202.

2. As of the date of this bankruptcy filing, Defendant had a last known address at 5207 Ebersole Avenue, Cincinnati, OH 45227 and a mailing address at PO Box 19361, Cincinnati, OH 45219.

### STATEMENT OF JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the Southern District of Ohio." This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

4. Venue properly lies in this judicial district in that this civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. § 1409.

5. This adversary proceeding arises out of and relates to the Chapter 7 case of *In re Mary J Farrier*, Case No. 17-12858, on the docket of this Honorable Court.

### FACTS

**Background**

6. The above-captioned proceeding was commenced by the filing of a voluntary Chapter 7 petition on August 3, 2017. The trustee assigned to this case is George Leicht (the "**Chapter 7 Trustee**").

7. Pursuant to this Court's Order on August 17, 2018, the deadline for the United States Trustee to object to the Defendant's discharge is August 30, 2018 [Doc. No. 155].

8. On August 3, 2017, the Defendant filed her complete schedules and statement of financial affairs [Doc. No. 1]. All of those documents were signed by the Defendant under penalty of perjury.

9. On September 12, 2017, the Defendant testified under oath at her § 341 meeting of creditors (the "**341 Meeting**") that those documents remained true, accurate, and complete.

**Defendant's Pre-Petition Transfer of Property**

10. As of February 2017, the Defendant owned property located at 1095 North Bend

Road, Cincinnati, OH 45224 (the "**North Bend Road Property**").

11. On or about March 30, 2017, approximately four months before filing the petition, Defendant transferred the North Bend Road Property to her daughter, Brandi Jordan (the "**Pre-Petition Transfer**")(See Deed From Mary J Farrier to Brandi Jordan attached as **Exhibit A**).

12. The Defendant received no consideration for the Pre-Petition Transfer.

13. Upon information and belief, the Defendant was insolvent at the time of the Pre-Petition Transfer.

14. The Pre-Petition Transfer was properly disclosed on the Defendant's Statement of Financial Affairs.

15. According to the Hamilton County Auditor's website, the North Bend Road Property has an auditor's value of $67,160. The appraisal report filed in this case gives the property an appraised value of $45,000 [Doc. No. 69].

16. The Defendant answered questions under oath about the Pre-Petition Transfer at her § 341 meeting of creditors on September 12, 2017. Subsequent the § 341 meeting, the Chapter 7 Trustee commenced two adversary proceedings (adversary proceeding case numbers 17-1047 and 17-1055) to recover the North Bend Road Property from the Defendant's daughter for the benefit of the estate.

17. On November 2, 2017, the Defendant's daughter voluntarily transferred the North Bend Road Property back to the Defendant (See Deed From Brandi Jordan to Mary J Farrier attached as **Exhibit B**). The Chapter 7 Trustee's adversary proceedings were subsequently dismissed.

18. The Chapter 7 Trustee then proceeded with efforts to sell the property, and filed a Motion to Sell Property Free and Clear of Liens under Section 363(f) on January 31, 2018 [Doc. No. 84].

**Defendant's Post-Petition Transfer of Property**

19. On February 16, 2018, while the Chapter 7 Trustee was preparing to sell the North Bend Road Property, the Defendant transferred the North Bend Road Property to Frank Brooks for $1,000 (the "**Post-Petition Transfer**")(See Deed from Mary J Farrier to Frank Brooks attached as **Exhibit C**). Upon information and belief, Frank Brooks is the Defendant's husband.

20. On March 2, 2018, in response to the Post-Petition Transfer, the Chapter 7 Trustee initiated yet another adversary proceeding (adversary proceeding case number 18-1011) to recover the North Bend Road Property.

**Defendant's Post-Petition Conduct and Refusal to Obey Court Orders**

21. Throughout the bankruptcy case, the Defendant has vehemently opposed the Chapter 7 Trustee's attempts to acquire and sell the North Bend Road Property. A complete list of the Defendant's filings in opposition to the Chapter 7 Trustee's attempts sell the North Bend Road Property is attached as **Exhibit D**.

22. Throughout her filings in this bankruptcy case, the Defendant has made allegations of wrongdoing by the Chapter 7 Trustee, including the following:

—defamation;

—interference with the Defendant's use and enjoyment of the North Bend Road Property;

—interference with the eviction of a tenant residing in the North Bend Road Property;

—commission of criminal trespass on the North Bend Road Property; and

—acting for personal gain.

23. To address some of these issues, the Court set a hearing on January 5, 2018, on Debtor's Motion to Review Procedure, Trustee's Report to the Court and Response, and the Trustee's Response to Debtor's Motion and Request for Hearing [Doc. No. 48] (the "**January 5, 2018 Order**").

24. The January 5, 2018 Order required the Debtor to appear at a hearing on January 18, 2018 at 2:30 p.m.

25. The January 5, 2018 Order was properly served on the Debtor.

26. The Debtor knew or had reason to know what was required of her by the January 5, 2018 Order.

27. The Debtor did not appear at the hearing on January 18, 2018 as required by the January 5, 2018 Order.

28. The Debtor has therefore refused to obey the January 5, 2018 Order.

29. On May 10, 2018, the Court set another hearing, this time on (1) Trustee's Application to Employ Realtor, Debtor's Objection, Trustee's Response, and Debtor's Reply; (2)

Trustee's Application to Sell Real Property, Debtor's Objection, Trustee's Response, and Debtor's Reply; (3) Trustee's Motion for Turnover and Debtor's Response; (4) Trustee's Letter to Debtor Regarding Post-Petition Transfer of Property of the Estate and Debtor's Response; and (5) Debtor's Motion and Trustee's Response [Doc. No. 100] (the "**May 10, 2018 Order**").

30. The May 10, 2018 Order required the Debtor to appear at a hearing on May 21, 2018 at 10:00 a.m.

31. The May 10, 2018 Order was properly served on the Debtor.

32. The Debtor knew or had reason to know what was required of her by the May 10, 2018 Order.

33. The Debtor did not appear at the hearing on May 21, 2018 as required by the May 10, 2018 Order.

34. Upon information and belief, the Chapter 7 Trustee saw the Defendant and her husband at the courthouse on May 21, 2018, but they left before the hearing began.

35. The Debtor has therefore refused to obey the May 10, 2018 Order.

36. After the Defendant failed to appear at the hearing on May 21, 2018, the Court issued a memorandum decision and found that each of the Debtor's allegations against the Chapter 7 Trustee as described above lacked merit [Doc. No. 117] (the "**Memorandum Decision**").

37. As further stated in the Memorandum Decision, "Ms. Farrier—directly and through certain members of her family—is exhibiting a pattern of behavior that is hindering the Trustee's administration of the North Bend Road Property" [Doc. No. 117].

38. The Debtor's conduct throughout her bankruptcy case indicate that both the Pre-Petition Transfer and the Post-Petition Transfer were done with the intent to hinder, delay, and defraud creditors or the Chapter 7 Trustee.

## COUNT ONE
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(2)

The United States Trustee incorporates the allegations contained within paragraphs 1 through 38, as detailed above.

39. In accordance with 11 U.S.C. § 727(a)(2), the Court shall grant the Debtor a discharge unless - -

the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of

the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - -

(A) property of the debtor, within one year before the date of the filing of the petition; or
(B) property of the estate, after the date of the filing of the petition.

40. As set forth above, the Defendant effectuated the Pre-Petition Transfer during the year prior to filing the petition. The Defendant's transfer of the North Bend Road property to her daughter, for no consideration, while insolvent, and the Defendant's post-petition conduct constitute an intent to hinder, delay, or defraud a creditor or an officer of the estate, pursuant to 11 U.S.C. § 727(a)(2).

41. As further set forth above, the Defendant effectuated the Post-Petition Transfer after the date of the filing of the petition. The Defendant's post-petition conduct as outlined above constitute an intent to hinder, delay, or defraud a creditor or an officer of the estate, pursuant to 11 U.S.C. § 727(a)(2).

42. Thus, the Pre-Petition Transfer and the Post-Petition Transfer warrant a denial of discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(2)(B).

### COUNT TWO
### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(6)

The United States Trustee incorporates the allegations contained within paragraphs 1 through 42, as detailed above.

43. In accordance with 11 U.S.C. §§ 727(a)(6)(A), the Court shall grant the Debtor a discharge unless - -

The debtor has refused, in the case - -

(A) To obey any lawful order of the court, other than an order to respond to a material question or to testify

44. As set forth above, the Defendant refused to obey a lawful order of the Court – to wit, the January 5, 2018 Order [Doc. No. 48] – by failing to appear at the hearing held by the Court on January 18, 2018.

45. As set forth above, the Defendant refused to obey a lawful order of the Court – to

wit, the May 10, 2018 Order [Doc. No. 100] – by failing to appear at the hearing held by the Court on May 21, 2018.

46. The Defendant's failure to obey lawful orders of the Court as detailed above warrant denial of discharge pursuant to 11 U.S.C. § 727(a)(6)(A).

## REQUEST FOR RELIEF

WHEREFORE, the United States Trustee prays the Court:

A. Enter a judgment declaring that the discharge of the Debtor from her debts is denied under 11 U.S.C. § 727; and

B. Enter such other relief as the Court deems just and proper.

Respectfully Submitted:

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE
REGION 9

By:

/s/ Benjamin A. Sales
Benjamin A. Sales (CO #51551)
Attorney for the United States Trustee
United States Department of Justice
Office of the United States Trustee
36 East Seventh Street, Suite 2030
Cincinnati, Ohio 45202
Voice: 513-684-6988, ext. 223
Fax: 513-684-6994
E-mail: Benjamin.a.sales@usdoj.gov